# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| RICHARD L. WALKER | CIVIL ACTION NO. 05-1802 |
| VS. | SECTION P |
| PEGGY J. SULLIVAN, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Richard L. Walker on October 13, 2005. Walker is an inmate at the Ouachita Corrections Center, Monroe, Louisiana; he is awaiting trial on felony drug charges in the Fourth Judicial District Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff is awaiting trial on unspecified drug charges in Louisiana's Fourth Judicial District Court. He is represented by court-appointed counsel, Ms. Peggy L. Sullivan. Plaintiff claims that Ms. Sullivan is not effectively representing him in the on-going prosecution. He also claims that both Ms. Sullivan and Judge Marcus Clark of the Fourth Judicial District Court are racially biased and that their actions violate his constitutional right to equal protection.

Plaintiff has named Ms. Sullivan and Judge Clark as his defendants. He seeks the appointment of "... a new lawyer and judge..." and an investigation into the facts he has alleged

1

in support of his complaint.

## LAW AND ANALYSIS

When a prisoner is permitted to file suit *in forma pauperis*, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). The court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d at 97.

To the extent that plaintiff's complaint arises under 42 U.S.C. § 1983, it clearly fails to state a claim for which relief may be granted. "In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). Plaintiff submitted his claim "[u]nder the 14th Amendment..." In order to prove the deprivation of a right protected by the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In §1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry. *Id.*; *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Landry v. A-Able Bonding, Inc.*, *supra*, at 203-04 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Plaintiff's contention that his constitutional rights have been violated arguably states a claim for relief under §1983; however, his claim that the deprivation was the result of the action or inaction of his court-appointed counsel obviously does not. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." See *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir.1988).

In short, to the extent that plaintiff's complaint against his court-appointed attorney purports to arise under the provisions of 42 U.S.C. §1983, it clearly fails to state a claim for which relief may be granted and is frivolous.

His claim against Judge Clark is likewise frivolous. Plaintiff does not seek monetary relief from Judge Clark; instead, he seeks the recusal of this judge from the pending state court prosecution. While judicial immunity would ordinarily bar a claim for monetary damages under §1983, judicial immunity "... is not a bar to prospective injunctive relief against a judicial officer acting in [his] judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 1980-81, 80 L.Ed.2d 565 (1984); *Crane v. Texas*, 759 F.2d 412, 421 n. 11 (5th Cir.) ("state court judges are not immune from federal suits seeking equitable or declaratory relief"), modified in part on other grounds, 766 F.2d 193 (5th Cir.), *cert. denied*, 474 U.S. 1020, 106 S.Ct. 570, 88 L.Ed.2d 555 (1985).

While the doctrine of judicial immunity does not bar the instant suit, there are other doctrines which do. First, in order for the plaintiff to obtain injunctive relief, he must make a showing of an inadequate remedy at law and of a serious risk of irreparable harm. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-507, 79 S.Ct. 948, 954-955, 3 L.Ed.2d 988 (1959). Second, federal courts must always take into account federal-state relations. Federal judges should not sit in constant supervision of the actions of state judicial officers. Doctrines of comity and federalism must be taken into consideration whenever litigants invite the federal judiciary to intervene in on-going state proceedings. *Pulliam v. Allen*, 466 U.S. 522, 539, 104 S.Ct. 1970, 1980-81, 80 L.Ed.2d 565 (1984).

*Younger v. Harris*, 401 U.S. 37, 43-45, 91 S.Ct. 746 (1971), *Samuels v. Mackell*, 401

U.S. 66, 71-73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) and their progeny of cases prohibit direct interference with ongoing state criminal prosecutions. The *Younger* doctrine involves "considerations of equity, comity, and federalism." *DeSpain v. Johnston*, 731 F.2d 1171, 1175-76 (5th Cir.1984) (citing *Younger*, 401 U.S. at 43-45, 91 S.Ct. 746). The Fifth Circuit has determined that "a federal district court presumptively must abstain from granting either injunctive or declaratory relief when state criminal actions or certain categories of state civil proceedings are pending against the federal plaintiff at the time that federal action is commenced." *DeSpain*, 731 F.2d at 1175; see also *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (holding that abstention is appropriate where a plaintiff seeks declaratory relief in federal court against a pending state prosecution).

The Fifth Circuit has applied the *Younger* abstention doctrine in circumstances similar to the instant case. In *Bundy v. Rudd*, 581 F.2d 1126, 1129 (5th Cir.1978), *cert. denied*, 441 U.S. 905, 99 S.Ct. 1992, 60 L.Ed.2d 373 (1979), the infamous Ted Bundy, an accused capital defendant in Florida, refused representation by the public defender and requested representation by another attorney. After the request was denied by the state trial and appellate courts, he filed an action in federal court under 42 U.S.C. §1983. *Bundy*, 581 F.2d at 1128-29. Bundy sought injunctive relief from the federal court in the form of an order forcing the state trial court to allow the plaintiff's preferred counsel to represent him in the ongoing prosecution. *Id.* at 1128. The Fifth Circuit affirmed the district court's denial of the request for an injunction, because, citing *Younger*, they reasoned that granting such a request would be a "direct interference with the ongoing state criminal prosecution" and that such interference was inappropriate. *Id.* at 1129.

Here, plaintiff seeks recusal of a state trial judge and the appointment of another attorney.

Plaintiff has an adequate remedy available to him in the state court proceedings. LSA C.Cr.P. arts. 671 *et seq.* provide the mechanism for recusation of judges in Louisiana. Should plaintiff's motion be denied, he may still appeal the denial of his motion should he ultimately be convicted. See LSA C.Cr.P. art. 684. Plaintiff may file the appropriate motions to challenge his representation by Ms. Sullivan and appeal the denial of such a motion should he be convicted.

In short, plaintiff's claims are frivolous and without merit. The court should abstain from interfering in the ongoing Louisiana prosecution.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 15th day of

February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE